IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Manick, ) | C/A No. 6:14-510-JMC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Shantay Crawford; Nickolas Futch; ) | |
| Greenwood Police Department Detective ) | |
| Division; Linda Middleton; Greenwood ) | |
| County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Background

This *pro se* Plaintiff alleges he is a pretrial detainee at the Greenwood County Detention Center ("GCDC") in Greenwood, South Carolina, and he brings a civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Compl. 2–5. He alleges two different claims. First, he alleges he is falsely imprisoned on pending state criminal charges because the evidence against him was fabricated by law enforcement officers, mainly detectives with the Greenwood Police Department Detective Division including Nickolas Futch ("Futch"). *Id.* at 3. On December 12, 2013, Futch allegedly took a verbal statement given by Plaintiff while he was under the influence of drugs and alcohol, and Futch allegedly bribed him to give the statement by promising certain favors. *Id.* Plaintiff also alleges that an individual at the crime scene, Shanty Crawford ("Crawford"), was the person who shot the victim on December 8, 2013, but that Crawford allegedly implicated Plaintiff as the culprit because he was coaxed by law enforcement officers to do so. *Id.* Based on these facts, Plaintiff sues Futch, Crawford, and the "Greenwood Police Department City Detectives" based on slander, wrongful arrest, and pain and suffering. *Id.*

at 5. He seeks damages, immediate release from the pending criminal charges, and relief of this charge and [his] record expunged." *Id.*

Secondly, Plaintiff sues the GCDC for unconstitutional prison conditions. *Id.* He alleges that a $250 money order was sent by his family to him, but he never received it. *Id.* at 3. He alleges he did receive "the letter on February 10, 2014," but he "never received any of the letters that other family members has sent in to me." *Id.* He alleges that "for some unknown reason they are withholding my mail from me," and "they do not inform you of any reason why you can not get your mail or why it was turned around and sent back to your family." *Id.* Plaintiff also claims cruel and unusual punishment because he has been in solitary confinement for his safety but without canteen privileges. *Id.* He alleges he has not had a disciplinary problem, so he should still be allowed canteen privileges. *Id.* Based on these facts, he seeks damages and a transfer to another county jail during the pendency of his criminal proceedings. *Id.* at 5.

The on-line court records from Greenwood County Eighth Judicial Circuit Public Index reveal that Plaintiff has pending criminal charges in the Greenwood County Court of General Sessions of murder, Case Number 2013A2420101218, and possession of a weapon during a violent crime, Case Number 2013A2420101219.[1] *See* Greenwood County 8th Judicial Circuit Public Index, http://198.206.194.114/Greenwood/PublicIndex/PISearch.aspx (search "Marcus Antwan

---

[1] This court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

Manick") (last visited April 9, 2014). The records indicate that both cases were filed on December 13, 2013. *Id.*

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff's request for relief from the state criminal charges pending against him, for his record to be expunged, and for immediate release from these charges is an attempt to have this court grant injunctive relief to direct the state court to take certain actions in Plaintiff's criminal case.  Further, it appears that Plaintiff seeks to have his statement given to Futch ruled unlawful so it cannot be used against him during the state proceedings, and it seems that he seeks to prove Crawford is lying about Plaintiff's involvement with the crime.  Thus, the crux of Plaintiff's false imprisonment claim against Futch, Crawford, and the Greenwood Police Department City Detectives is an attempt to interfere with the pending state criminal prosecution, and this court should abstain from interfering with it.  A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances.  In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  In this case, Plaintiff is clearly involved in ongoing state criminal proceedings.

The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This court finds that Plaintiff can vindicate his federal constitutional rights and raise the issue of lack of lawful evidence in the state proceedings. Therefore, it is appropriate and recommended that this court abstain on Plaintiff's § 1983 claim related to false imprisonment.[2]

To the extent Plaintiff brings certain state law claims against Futch, Crawford, and the Greenwood Police Department City Detectives, such as a slander claim, the state law claims should not be adjudicated because there is no viable federal claim. *See* 28 U.S.C. § 1367(c)(3).[3] Because it is recommended that the constitutional claims should be dismissed, this court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th

---

[2] Liberally construed, if Plaintiff is alleging a claim against Futch, Crawford, and the Greenwood Police Department City Detectives for malicious prosecution under § 1983, which is properly understood as a Fourth Amendment claim for unreasonable seizure, he fails to state a claim on which relief may be granted. *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). To state such a claim, Plaintiff must allege that the criminal proceedings have terminated in his favor. *Id.* Plaintiff has not alleged the element that the state criminal charges against him have been resolved in his favor so a Fourth Amendment malicious prosecution claim appears to be premature.

[3] This court does not have original diversity jurisdiction over Plaintiff's state law claims against Defendants. It appears that all parties are domiciled in South Carolina; thus, complete diversity of parties is lacking. *See* 28 U.S.C. § 1332(a).

Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

As to Plaintiff's § 1983 claim based on unconstitutional prison conditions, he alleges that he brings suit solely against the GCDC.[4]  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a "person."  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  The GCDC is a department, group of buildings, or a facility, and thus it does not qualify as a "person," so Plaintiff failed to state a claim against it pursuant to § 1983.[5]  Of course, to the extent Plaintiff may be attempting to sue the staff of the GCDC, he still fails to state a cognizable claim because groups of people are not amenable to suit under § 1983.  *See Harden v.*

---

[4] In the caption and on page two of the Complaint in the space for additional defendants, Plaintiff lists Linda Middleton, Captain at the GCDC.  Compl. 2.  However, in the body of the Complaint, he makes no allegations related to her.  *Id.* at 2–5.  In the proposed service documents submitted by Plaintiff, he also listed Tony Davis with the GCDC and Matt Blackwell with the Greenwood Police Department Detective Division; however, they are not named anywhere in the Complaint.

[5] Moreover, there is no constitutional right to canteen access in prison.  *See Pierre v. Ozmint*, C/A No. 3:09-226-CMC-JRM, 2010 WL 679946, at *7 (D.S.C. Feb. 24, 2010), *aff'd*, 410 F. App'x 595 (4th Cir. 2011).

*Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). Additionally, if Plaintiff is attempting to sue Greenwood County or City because it employed a person who committed misconduct, he still fails to state a cognizable claim because the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.").

Moreover, Plaintiff's claim related to his missing money order does not state a claim on which relief may be granted. The Supreme Court has held that deprivations of personal property, including negligent or intentional deprivations, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 (1986). The Fourth Circuit Court of Appeals has held that random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005); *Yates v. Jamison*, 782 F.2d 1182, 1183-1184 (4th Cir. 1986). In South Carolina, the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. Under South Carolina law, Plaintiff's negligence claims relating to his lost property

7

may be cognizable under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *See* S.C. Code Ann. §15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). Even if Plaintiff alleges that a defendant intentionally took his property, Plaintiff has remedies under South Carolina law to obtain relief in state court. *See Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230-31 (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate); *see also Samuel v. Ozmint*, C/A No. 3:07-178-PMD-JRM, 2008 WL 512736, *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law). Accordingly, if a defendant allegedly intentionally stole Plaintiff's personal property, Plaintiff has an available state remedy—an intentional tort civil action in the South Carolina courts.

<u>Recommendation</u>

Based on the foregoing, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*.  **Plaintiff's attention is directed to the important notice on the next page.**

<u>s/Kevin McDonald</u>

Kevin F. McDonald
United States Magistrate Judge

April 14, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).